UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRUSTEES OF THE I.U.O.E. LOCAL 478 ANNUITY FUND, TRUSTEES OF THE OPERATING ENGINEERS LOCAL 478 TRAINING AND SKILL IMPROVEMENT FUND, TRUSTEES OF THE I.U.O.E. LOCAL NO. 478 HEALTH BENEFITS FUND, TRUSTEES OF THE I.U.O.E. LOCAL 478 PENSION FUND, TRUSTEES OF THE I.U.O.E. LOCAL 478 SUPPLEMENTAL UNEMPLOYMENT BENEFITS FUND AND I.U.O.E. LOCAL UNION NO. 478<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL SHORING, LLC<br><br>Defendant. | Civil Action No.<br><br><br><br><br><br>August 3, 2018 |

## COMPLAINT

**PARTIES**

1.      Plaintiffs Trustees of the I.U.O.E. Local 478 Annuity Fund, Operating Engineers Local 478 Training and Skill Improvement Fund, I.U.O.E. Local No. 478 Health Benefits Fund, I.U.O.E. Local 478 Pension Fund, and the I.U.O.E. Local 478 Supplemental Unemployment Benefits Fund (hereinafter referred to as the "Funds") are Trustees of a multi-employer employee benefit plan as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, (hereinafter referred to as "ERISA," 29 U.S.C. Sections 1002(3) and (37)). The Funds

are established and maintained by Restated Agreements and Declarations of Trust and by a Collective Bargaining Agreement between the I.U.O.E. Local Union No. 478 and Defendant National Shoring, LLC (hereinafter referred to as "National Shoring"). The Funds are administered at 1965 Dixwell Avenue, Hamden, Connecticut 06514.

2. Plaintiff I.U.O.E. Local Union No. 478 (hereinafter referred to as the "Union") is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. Section 152(5).

3. The Defendant, National Shoring, is doing business under the laws of the State of Connecticut, with a business address of 1110-1112 Hartford Turnpike, Waterford, Connecticut 06385. National Shoring transacts business in the State of Connecticut as a contractor or subcontractor in the construction industry and at all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(l), (3) and 2(2) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. Sections 142(l), (3) and 152(2); Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12) and (14); and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. Section 1001(a).

**JURISDICTION AND VENUE**

4. This Court has jurisdiction of this action under Section 301 of the LMRA, 29 U.S.C. Section 185(a) and under Sections 502 and 515 of ERISA, 29 U.S.C. Sections 1132 and 1145. This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in

an industry affecting commerce, and an action to collect delinquent employer contributions due to employee benefit plans under the terms of a Collective Bargaining Agreement and ERISA.

**Count I (Breach of Collective Bargaining Agreement)**

5. The Plaintiffs hereby incorporate by reference Paragraphs 1-4 of the Complaint as fully set herein.

6. Defendant National Shoring entered into a Collective Bargaining Agreement with the Union establishing the terms and conditions of National Shoring's employees in work covered by the Collective Bargaining Agreement.

7. Pursuant to the Collective Bargaining Agreement, Defendant National Shoring is required to pay to the Funds and the Union certain sums of money for each hour worked by employees of the Defendant National Shoring in employment covered by the Collective Bargaining Agreement.

8. Said Agreement also binds National Shoring to the Funds' Collection Policy, which provides for interest, liquidated damages, reasonable attorney's fees, and sheriff and court costs to be imposed with any contributions that are not timely paid.

9. On or around April 2018, the Funds, the Union and National Shoring executed a settlement agreement whereby National Shoring agreed to pay the Funds and the Union a total of **$87,928.79** including the balance of an audit, audit costs, contributions for the months of November through December 2017 and partial contributions for February 2018, and interest and attorney's fees.

10. The settlement agreement required National Shoring to submit one (1) payment of **$30,000.00** followed by six (6) monthly payments of **$9,654.79.**

11. National Shoring submitted the first monthly payment in the amount of **$30,000.00**, leaving a balance of **$57,928.79** remaining.

12. National Shoring has defaulted on the agreement by failing to submit three (3) subsequent monthly payments in the combined amount of **$28,654.37**. Since National Shoring is in breach of this agreement the entire balance of **$57,928.79** is now due and owing.

13. In addition to requiring the monthly payments, the agreement contained terms and conditions requiring timely benefit contributions for all work covered by the Collective Bargaining Agreement that would become due during the period of the payment plan.

14. Defendant National Shoring employed certain employees covered under the Collective Bargaining Agreement throughout the relevant period, the months of January through June 2018.

15. Defendant National Shoring failed to make all contributions due to the Funds and Union for work covered under the Collective Bargaining Agreement for the months of January through June 2018. Based on the reports provided by National Shoring, the company owes a balance of **$7,046.63** for work performed during this period.

16. National Shoring's failure to pay the amounts owed to the Funds and the Union as described in Paragraphs 12-15 is a breach of the Collective Bargaining Agreement.

17. The amount owed is expected to increase by the time judgment is entered as the actual amount owed for work performed from January through June 2018 may prove to be more than National Shoring self-reported and, upon information and belief, National Shoring continues to employ operating engineers.

18. Pursuant to the Collective Bargaining Agreement, National Shoring is liable to the Plaintiffs for all unpaid delinquent Funds contributions, Union dues, interest on the unpaid contributions and dues, an amount equal to the greater of (a) interest on the unpaid contributions, or (b) liquidated damages provided for in the Plan, reasonable attorney's fees, costs of this action, and such other legal and equitable relief as the Court deems appropriate.

**COUNT 2 (Delinquent Contributions under ERISA)**

19. The Plaintiffs hereby incorporate by reference Paragraphs 1-18 of the Complaint as fully set herein.

20. National Shoring's failure to pay the amounts owed to the Funds and the Union is a violation of ERISA 29 U.S. Code § 1145 requiring contributions to be made to multiemployer plans under the terms of a Collective Bargaining Agreement.

21. Pursuant to 29 U.S.C. 1132(g) (2) and the Collective Bargaining Agreement, National Shoring is liable to the Plaintiffs for all unpaid delinquent Funds

contributions, Union Dues, interest on the unpaid contributions and dues, an amount equal to the greater of (a) interest on the unpaid contributions, or (b) liquidated damages provided for in the Plan, reasonable attorney's fees, costs of this action, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiff Funds pray for judgment as follows:

A. Ordering Defendant National Shoring to make payment on the balance of the settlement agreement in the amount of **$57,928.79.**

B. Ordering Defendant National Shoring to make payment to the respective Plaintiffs in the amount of **$7,046.63** for unpaid benefit contributions, liquidated damages provided by the Plan, interest in the amount of twelve percent (12%) per annum pursuant to the Trust Agreements, on the amount due from the date of the delinquency until the date of payments, costs and reasonable attorney's fees, pursuant to 29 U.S.C. Section 1132(g) (2) and 28 U.S.C. Section 1961.

C. Ordering National Shoring to submit monthly reports and any unpaid contributions that become due during the pendency of the Complaint until the issuance of a judgment.

D. Ordering Defendant National Shoring to submit payments for contributions discovered as due, through their monthly reporting or otherwise, during the pendency of the Complaint until the issuance of a Judgment.

E. Ordering Defendant National Shoring, in connection with any amounts disclosed as due in excess of the amount stated on the Complaint, to pay liquidated damages provided by the Plan and interest in the amount of twelve percent (12%) per annum pursuant to the Trust Agreements and to 29 U.S.C. Section 1132(g).

F. For such further relief as the Court may deem appropriate.

**DATED** at East Hartford, Connecticut, this 3rd day of August 2018.

Respectfully submitted,

/s/ Gregory S. Campora
Gregory S. Campora, Esq.
ROBERT M. CHEVERIE &
ASSOCIATES, P.C.
Commerce Center One
333 East River Drive, Suite 101
East Hartford, CT 06108-4206
Tele. No.: (860) 290-9610
Fed. Bar # ct23775
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132(h), this 3rd day of August 2018, on the following:

Secretary of the Treasury
INTERNAL REVENUE SERVICE
P.O. Box 13163
Baltimore, MD 21203
Attn:  **Employee Plans**

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20210
Attn:  **Assistant Solicitor for Plan
       Benefits Security**

/s/ Gregory S. Campora
Gregory S. Campora, Esq.